**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 26-138-DLB**

**CHARLES BETHEL** **PETITIONER**

**v.** **MEMORANDUM ORDER**

**MS. BURNSIDE** **RESPONDENT**

*** *** *** ***

Federal inmate Charles Bethel filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible for First Step Act (FSA) time credits. (Doc. # 1). Because it is clear from the record that Bethel is not entitled to the relief he seeks, the Court will deny his petition. *See* 28 U.S.C. § 2243.

The FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). Possessing with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(b)(1)(B)(vi) is one such disqualifier. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi). Bethel pled guilty to that offense on February 9, 2023, and was sentenced to 210 months in prison. *See United States v. Bethel*, 3:22-CR-90-DJH (W.D. Ky., Judgment entered May 18, 2023).

Bethel suggests that the BOP impermissibly looked to the drug quantity listed in his presentence report (PSR) to determine that he was convicted of violating 21 U.S.C. § 841(b)(1)(B)(vi). This Court has previously concluded that the BOP did not err when consulting a prisoner's PSR to conclude that he had a disqualifying conviction for purposes of FSA time credits. *See Banks v. Paul,* No. CV 5:25-082 KKC, 2025 WL 3211542, at *1 (E.D. Ky. Oct. 15, 2025); *Lenze v. Gilley*, No. CV 6:21-115-DCR, 2021 WL 5862561, at *2 (E.D. Ky. Nov. 5, 2021). In any event, it is clear from the *pleadings* in Bethel's criminal case that he was convicted of violating 21 U.S.C. § 841(b)(1)(B)(vi).

The Court recognizes that Bethel's judgment refers generally to 21 U.S.C. § 841(b)(1)(B). *See Bethel*, No. 3:22-CR-90-DJH (Doc. # 24). However, section 841(b)(1)(B) is merely an introductory provision, which states: "In the case of a violation of subsection (a) of this section involving …" Subsections (i) through (viii) go on to establish the types and quantities of controlled substances that constitute a violation of the statute. In Bethel's judgment, the phrase "possession with intent to distribute fentanyl" appears alongside the reference to § 841(b)(1)(B). *See id*. And subsection (vi) is the only subsection of § 841(b)(1)(B) that relates to fentanyl. *See Maitland v. Warden, FCI Berlin*, No. 23-cv-074-SE-AJ, 2024 WL 3541213, at *2 (D.N.H. Jan. 31, 2024) (observing that "there is no talismanic significance in the lack of an explicit reference to subsection (vi)" in petitioner's judgment).

Providing further confirmation that Bethel was convicted under § 841(b)(1)(B)(vi), the Judgment states that Bethel pled guilty to Count 2 of the Indictment, which charged:

> On or about February 15, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, CHARLES BETHEL, knowingly and intentionally possessed with the intent to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of N-

> phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], commonly known as "fentanyl," a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

*See Bethel*, 3:22-CR-90-DJH (Doc. # 1). And Bethel's plea agreement provides that "on February 15, 2022, [Bethel] possessed with the intent to distribute approximately 800 grams of methamphetamine and over 100 grams of fentanyl in a hotel room located at the Baymont Inn and Suites in Louisville, Kentucky." (*Id.* at Doc. # 16). Contrary to Bethel's suggestion, the BOP did not need to examine his presentence report to determine that he is serving a sentence for a conviction under § 841(b)(1)(B)(vi).

Bethel's reliance on *Valladares v. Ray*, 130 F.4th 74 (4th Cir. 2025) is misplaced. Valladares pled guilty to three counts of possessing controlled substances (fentanyl) with the intent to distribute them, in violation of 21 U.S.C. § 841(b)(1)(C). At sentencing, Bethel stipulated that an individual's death resulted from his conduct. The BOP subsequently deemed Bethel ineligible for FSA time credits under 18 U.S.C. § 3632(d)(4)(D)(lviii), which concerns inmates serving a sentence for an offense under § 841(b)(1)(A)–(C) for which death or serious bodily injury resulted. The Fourth Circuit determined that Bethel's FSA credits could not be denied based on facts determined during sentencing because § 3632(d)(4)(D)(lviii) only applies to prisoners who have been *convicted* of a death resulting offense. Unlike Valladares, Bethel's disqualification from receiving FSA credits does not depend on facts outside his criminal judgment.

Based on the foregoing, it is **ORDERED** as follows:

1. Bethel's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**.
2. The Court will enter a corresponding Judgment.

This 2nd day of November, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Bethel 0-26-138 Deny 2241.docx